IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

Allen R. Howe
Catherine M. Howe

(Chapter 7)

Debtors.

Case No. 10-15290

MEMORANDUM DECISION

Allen and Catherine Howe filed for relief under chapter 7 on July 13, 2010. On April 7, 2011, the Town of Lake Mills ("Town") moved to extend the time limit for filing claims, seeking to file its claim timely even though the due date had passed. A brief hearing was held at which both the debtors and trustee consented to the motion.

Town's claim of $15,817.95 is for personal property tax and is comprised of two amounts—the tax due for tax year 2008 of $7,746.70, and the tax due for 2009 of $8,071.25. On April 21, 2010, Town commenced a state court action to collect from the debtors, but to date the state court has not entered a judgment.

Around December 22, 2010, Town's attorney received notice and a proof of claim form from the bankruptcy clerk's office. The notice indicated that Town, as a creditor, had until March 17, 2011 to file a claim in the debtors' case. The attorney promptly contacted Town representatives about the proper course of action, and the parties agreed that the attorney would file a claim on Town's behalf. Notwithstanding this conversation, no claim was ever filed and

1

the March 17, 2011 deadline passed. Town now moves to extend the time limit for filing claims in the debtors' case.

Nothing precludes Town from filing a late claim, but a late claim would receive a somewhat different treatment from a timely claim. Town's claim, if it had been timely filed, would be allowed in the debtors' case. Section 502(a) states that "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest…objects." 11 U.S.C. § 502(a). Once an objection to a claim is made:

> (b) [T]he court, after notice and hearing, shall determine the amount of such claim…as of the date of the petition, and shall allow such claim in such amount, *except* to the extent that—
> …
>
> (9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure…. 11 U.S.C. § 502(b)(9) (emphasis added).

Thus even if a claim is filed after the deadline provided in the notice, it may still be "allowed" if § 726(a)(1), (2), or (3) permits it. *See id.*

Specifically, § 726(a)(1) provides that:

> (a) [P]roperty of the estate shall be distributed—
>
> > (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed on or before the earlier of—
> > > (A) the date that is 10 days after the mailing of creditors of the summary of the trustee's final report; or
> > > (B) the date on which the trustee commences final distribution under this section; 11 U.S.C. § 726(a)(1).

2

Ignoring the time limitations in subsection (A) and (B),[1] if the tardy claim can be classified as a "priority" under § 507, then § 726(a)(1) specifically permits a claimholder of a tardy claim to receive payment, as the claimholder would had the claim been filed timely.

In this case, the 2009 portion of Town's claim falls within the language of § 507(a)(8)(B), which grants "priority" status to a claim described as an:

> …
> (8) [A]llowed unsecured claim of [a] governmental unit, only to the extent that such claim [is] for—
> …
>> (B) a property tax incurred before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition.

The 2009 portion of Town's claim arose from unpaid personal property taxes and was assessed by a governmental unit. These taxes were incurred prior to the commencement of the debtors' bankruptcy case and were last payable without penalty on January 31, 2010—within one year of debtors' petition. As a result, the 2009 portion is classified as a priority claim, and § 726(a)(1) allows Town to receive a distribution of the debtors' assets, regardless of whether the claim was filed timely or late. By cross-reference, the 2009 portion is an "allowed" claim under § 502(b)(9) because 726(a)(1) applies to the 2009 portion.

In contrast, Town's claim relating to the property taxes due for 2008 is not eligible for "priority" status under § 507(a)(8)(C), because it was not last payable without penalty within the year preceding the petition date. The evidence offered in support of Town's motion shows that the debtors' 2008 tax debt was due on January 31, 2009, more than one year before the debtors' petition date. Having not been classified as a "priority" claim, the 2008 portion of Town's claim is deemed a general unsecured claim, which is provided for in § 726(a)(3). Specifically, §

---

[1] In this case, the chapter 7 trustee has yet to file a final report, or commence the final distribution of the debtors' assets, making the time limitations of § 726(a)(1)(A) & (B) immaterial to the analysis.

726(a)(3) allows "payment of any allowed unsecured claim proof of which is tardily filed under section § 501(a) of this title…". 11 U.S.C. § 726(a)(3). Although payment is permitted under 726(a)(3), Town will only receive a dividend on the 2008 portion after all priority claims and timely filed unsecured claims have been satisfied. *See id.*; *see also* 11 U.S.C. § 726(a)(1) & (2).

Thus, the portion of Town's claim relating to the debtors' 2008 tax debt is allowed under § 502(b)(9) even if it is filed late, but it is paid as a lower priority. The 2008 portion of Town's claim will be subordinate to other timely filed unsecured claims. The subordination should have little effect on the total amount Town receives on its claim. At the hearing, the trustee noted that unsecured creditors will receive little, if any, dividends on their claims.

Because Town may file its claim late, with little to no consequence on the amount of dividend it will receive, and because the only cause for the delay was an attorney's error, there is no reason to extend the time limit for filing claims. Town's motion is DENIED.

Dated: May 25, 2011

*[signature]*

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

Allen R. Howe
Catherine M. Howe

(Chapter 7)

Debtors.

Case No. 10-15290

ORDER

Town of Lake Mills' motion to extend the time limit for filing claims is DENIED.

Dated: May 25, 2011

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE